**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JERMEY DAVIS,

Petitioner,

v.

JEREMY BEAN, et al.,

Respondents.

Case No. 2:26-cv-01229-GMN-EJY

**ORDER**

This habeas matter is before the Court on Petitioner Jermey Davis's failure to comply with the Court's Order. ECF No. 5. Davis initiated this case by filing an Application to Proceed *In Forma Pauperis* ("IFP"). ECF No. 1. Davis, however, has not filed a Petition for Writ of Habeas Corpus despite indicating he intended to file a Petition in his IFP Application. *Id.* at 1.

The Court ordered Davis to file a Petition on the Court's form no later than June 22, 2026. ECF No. 5. Davis was warned that a failure to comply would result in the dismissal of this action without prejudice and without further advance notice. *Id.* To date, Davis has not filed a Petition, requested an extension of time, or taken any other action to prosecute this case.

**I. Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without Davis's compliance with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

///

///

## II. Conclusion

**IT IS THEREFORE ORDERED:**

1. This action is DISMISSED WITHOUT PREJUDICE based on Petitioner Jermey Davis's failure to comply with the Court's Order (ECF No. 5) or the Local Rules of Practice.
2. Petitioner is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.
3. The Clerk of Court is kindly directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.
4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is kindly directed to informally serve the Nevada Attorney General with this Order by sending a notice of electronic filing to the Nevada Attorney General's office.
5. The Clerk of Court is kindly directed to enter final judgment accordingly and close this case.

DATED: October 14, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE